UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:06CV-46-R

TODD ADAMS                                                                                            PLAINTIFF

v.

UNITED PARCEL SERVICE, et al.,                                                              DEFENDANTS

### MEMORANDUM OPINION

This matter is before the Court on motion to remand (Dkt. # 7) of Plaintiff Todd Adams. Defendants United Parcel Service ("UPS") and Robert Waitkus responded (Dkt. # 10), and Plaintiff replied (Dkt. # 11). This matter is now ripe for adjudication. For the reasons that follow, the Court **GRANTS** Plaintiff's motion to remand.

### BACKGROUND

On March 8, 2006, Plaintiff filed a Complaint in Taylor Circuit Court naming UPS and Waitkus as defendants. (Attachment # 1 to Dkt. # 1). The Complaint alleged that Adams was employed as a driver for UPS from 1986 until January 2004, when he was terminated. *Id.* Several months earlier, in October of 2003, Adams "experienced an extreme incident of heart arrhythmia and collapsed" while working. *Id.* at ¶ 11. He underwent medical treatment, and notified UPS that he would be ready to return to work on January 5, 2004. Nevertheless, on January 5, 2004, UPS terminated his employment. In so doing, Adams argues, UPS violated KRS 344.040, and Waitkus violated KRS 344.280. Adams now seeks remand to Taylor Circuit Court on the grounds that both he and Waitkus are Kentucky citizens, and therefore this court lacks diversity jurisdiction. Defendants argue that Waitkus was fraudulently joined in order to

1

defeat diversity jurisdiction, rendering remand inappropriate.

## ANALYSIS

Defendants argue that Plaintiff's joinder of Waitkus, his supervisor, which would defeat diversity, is fraudulent because there is no colorable basis for a claim against him in Plaintiff's Complaint.  In determining whether Waitkus was fraudulently joined, "the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved."  *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)) (internal quotation marks omitted).  In order to answer that question, the Court must examine the nature of the Plaintiff's claim against Waitkus, the non-diverse party.  Plaintiff's Complaint alleges that UPS acted in violation of KRS 344.040, which provides, in relevant part:

> It is an unlawful practice for an employer:
> (1) To fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, ... because the person is a qualified individual with a disability ...;
> (2) To limit, segregate, or classify employees in any way which would deprive or tend to deprive an individual of employment opportunities or otherwise adversely affect status as an employee, ... because the person is a qualified individual with a disability...;

The Complaint alleges violations by UPS of both of the above provisions.  The Complaint further alleges that Waitkus acted in violation of KRS 344.280, which provides, in relevant part:

> It shall be an unlawful practice for a person...:
> (2) To aid, abet, incite, compel, or coerce a person to engage in any of the acts or practices declared unlawful by this chapter;

The Complaint alleges that "Waitkus aided and abetted UPS's unlawful termination of Adams' employment in furtherance of particular and personal interest of his to harm and injure Adams."

2

(Complaint, at ¶ 21).

Defendants argue that Kentucky law will not permit recovery against individuals under KRS 344.280 for the type of claim brought by Plaintiff. Defendants advance two arguments to support this contention. The first is that only retaliation claims under KRS 344.280(1) may give rise to individual liability under the statute. The second is that "to allow a supervisor who has simply engaged in normal managerial activities to be sued in an individual capacity for allegedly assisting his employer in an act of discrimination is contrary to the intent of the courts and legislature." (Dkt. # 10, at 5). Apparently as a corollary to this, Defendants argue that:

> Assuming KRS 344.280(2) could be applied to an individual manager, Adams alleges no facts that Waitkus aided, abetted, incited, compelled or coerced any other 'person' to engage in an unlawful act. He made the decision to terminate based upon his authority and responsibility as a UPS manager. To apply the terms of sub-paragraph (2) to Waitkus would mean that he 'aided and abetted' himself in discriminating against Adams.

(*Id.*). None of these arguments, however, overcome the plain language of the statute and Sixth Circuit precedent which dictate that individual liability for violations of KRS 344.280(2) may attach.

As to Defendants' first argument, the Court observes that the mere fact that no case has upheld the application of this statute to an individual does not overcome its plain language, which prohibits a *person* from aiding and abetting. This is distinctly different from the language employed by the Kentucky legislature in KRS 344.040, which prohibits *employers* from taking certain actions. Defendants cite *Stacy v. Shoney's, Inc.*, in which the Sixth Circuit held that "without a showing of retaliation, [the individual defendant] is not a proper party because there is no 'reasonable basis for predicting that state law might impose liability on the facts involved.'" 142 F.3d 436, 1998 WL 165139, *2 (6th Cir. 1998) (quoting *Saylor v. General*

3

*Motors Corp.*, 416 F.Supp. 1173, 1175 (E.D.Ky. 1976)).  In that case, however, the plaintiff had argued that the retaliation provision of KRS 344.280 gave rise to the individual liability.  *Id.*  Here, the Plaintiff has not alleged retaliation; rather, he has alleged that Waitkus aided and abetted UPS in taking an unlawful action.  Although Plaintiff's Complaint does not allege specific actions on the part of Mr. Waitkus, Defendants have conceded by filing the affidavit of Mr. Waitkus that two other UPS managers recommended Plaintiff's termination, and that he decided to terminate Plaintiff after consultation with the company's Labor Department.  Therefore, *Stacy* does not provide a basis for determining that, in the face of clear statutory language to the contrary, Kentucky law would not provide a cause of action against an individual for aiding and abetting in this case.

Similarly, our sister court's decision in *Szabo v. U.P.S.* does not lead to such a conclusion.  2004 U.S. Dist. LEXIS 10600 (W.D.Ky. 2004).  Defendants assert that this case stands for the proposition that "under KRS 344.280, a 'conspiracy to discriminate' is retaliation under a different name."  (Dkt. # 10, at 3).  The Court sees no basis in the opinion for this characterization of Judge Coffman's holding.  In that case, involving a conspiracy claim, the court noted that previous claims under 344.280 had all been retaliation claims, but ultimately granted summary judgment to the defendants on grounds that "[a] claim cannot survive a motion for summary judgment on [allegations presented in the complaint] alone."  *Id.*, citing *Williams v. Ford Motor Co.*, 187 F.3d 533, 544 (6th Cir. 1999).

Finally, Defendants rely on *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997), in which the court "held that 'an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under ... KRS Chapter 344,' because

the KCRA 'mirrors Title VII...'" *Morris v. Oldham County Fiscal Court* 201 F.3d 784, 794 (6th Cir. 2000) (quoting *Wathen*). In *Morris*, the Sixth Circuit went on to say that:

> Though this statement from *Wathen* is generally true, it clearly does not apply to retaliation claims brought under Ky.Rev.Stat. § 344.280. This section does not "mirror" 42 U.S.C. § 2000e-3(a), the analogous retaliation provision of Title VII, which forbids retaliation by "an employer." Rather, § 344.280 forbids retaliation by "a person." The Kentucky retaliation statute plainly permits the imposition of liability on individuals.

*Id.* Similarly, KRS 344.280(2) finds no analog in Title VII, and the plain language indicates that individuals may be subject to liability for violations of it. The use of the term "person" applies equally to KRS 344.280(1) and KRS 344.280(2).

Defendants' second argument is that "to allow a supervisor who has simply engaged in normal managerial activities to be sued in an individual capacity for allegedly assisting his employer in an act of discrimination is contrary to the intent of the courts and legislature." (Dkt. # 10, at 5). Although it may be that allowing individual liability in this situation will extend liability beyond that available in Title VII cases, the different statutory language may warrant such an interpretation. *Morris*, 201 F.3d at 794.

Defendants also argue that "Adams alleges no facts that Waitkus aided, abetted, incited, compelled or coerced any other 'person' to engage in an unlawful act. He made the decision to terminate based upon his authority and responsibility as a UPS manager." Although it is true that the Complaint in this case does not reveal the process by which the decision to terminate Plaintiff was made, the affidavit of Mr. Waitkus indicates that he consulted with other managers and the Labor Department. The facts supporting the claims are best determined after some discovery. The Court makes no determination as to whether all the facts will support a KRS 344.280(2) claim. Ultimately they may not, and the case could well be removable at that time.

The Court finds that the statute allows KRS 344.380(2) claims against individual persons, but makes no finding as to whether the facts support that claim. Mr. Waitkus was not fraudulently joined under the *Alexander* standard and the motion to remand must be granted.

## CONCLUSION

For these reasons, the Court concludes that Plaintiff's Motion to Remand should be **GRANTED**.

An appropriate order shall issue.